UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA PAIGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3594-WBV-KWR** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is BP's Motion for Summary Judgment, filed by defendants, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1] Defendants, Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc., and have also joined in the Motion.[2] The Motion was noticed for submission on August 23, 2022. Pursuant to Local Rule 7.5, a response was due by August 15, 2022. As of the date of this Order, no opposition has been filed.[3] In addition, plaintiff, Cynthia Paige, has not moved for an extension of the submission date or the deadline to file an opposition brief. Hence, the Motion is unopposed.

After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Cynthia Paige's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE**.

---

[1] R. Doc. 52.
[2] *Id*. at p. 1, n.1.
[3] The record reflects that six attorneys are currently enrolled as counsel of record for Paige.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from Cynthia Paige's alleged exposure to toxic chemicals following the Deepwater Horizon ("DWH") oil spill that took place on April 20, 2010.[4] On January 11, 2013, while presiding over the multidistrict litigation arising out of the DWH incident, United States District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[5] The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members to sue BP for Later-Manifested Physical Conditions ("LMPC's").[6] The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from … exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPOSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.[7]

After opting out of the MSA,[8] Cynthia Paige filed a Complaint on April 18, 2017 against BP Explorations & Production Inc., BP America Production Company, Inc., BP p.l.c., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Halliburton Energy Services, Inc.[9] In the Complaint, Paige alleges that she was exposed to oil and/or oil-dispersing chemicals

---

[4] R. Doc. 1 at ¶ 18.
[5] *See Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
[6] *Id.*
[7] *Id.*
[8] *See*, R. Doc. 1-1 at p.2.
[9] R. Doc. 1.

and/or decontaminants used during the oil spill cleanup "by virtue of Plaintiff's environment."[10]  Paige also alleges "Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants" based upon "Continuous exposure beginning on or about 4/20/10, including but not limited to 5655 Old Hwy 61 North – Tunica, MS 38676."[11]  Paige alleges that her symptoms include "Rash, itching, and other injuries as may be shown by further evidence."[12]

In the Complaint, Paige also "adopts and incorporates by reference all matters originally pled" in the Complaint filed in Civ. A. No. 13-2332-CJB-JCW, *Krista Ellen Mejia, et al. v. BP Exploration & Production Inc., et al.*, wherein Paige and approximately 43 other plaintiffs alleged that they experienced headaches, nausea, vomiting, respiratory problems, and eye irritation, among other adverse health effects, as a result of exposure to crude oil, dispersants, and other harmful chemicals in the environment resulting from the Deepwater Horizon oil spill.[13]  Paige also alleged in the *Mejia* matter that her exposure to the oil, dispersants, and/or other hazardous chemicals used for or resulting from the oil spill may lead to serious health problems, diseases, and medical conditions that may be prevented by timely diagnosis and treatment, and that she has developed a significantly increased risk of contracting a serious latent disease.[14]

---

[10] *Id.* at ¶ 18.
[11] R. Doc. 1-1 at pp. 3 & 5.  The Court notes that 5655 Old Hwy 61 North is listed as Paige's address on the forms attached to her Complaint.  *Id.* at p. 6.
[12] R. Doc. 1-1 at p. 5.
[13] R. Doc. 1 at ¶ 1; *See,* R. Doc. 1 at ¶ 50 in the *Mejia* matter.
[14] R. Doc. 1 at ¶¶ 74-76 in the *Mejia* matter.

BP filed the instant Motion on August 8, 2022, asserting that it is entitled to summary judgment under Fed. R. Civ. P. 56 because Paige has provided insufficient admissible evidence to connect her alleged conditions with exposure to oil or dispersants.[15] Specifically, BP claims that Paige has alleged various health complaints due to the DWH oil spill, but she has not produced any expert testimony in support of those claims.[16] BP points out that while her case was part of the MDL, Paige alleged that she suffered from "Rash, itching, and other injuries as may be shown by further evidence" as a result of the oil spill response and cleanup.[17] BP also points out that Paige failed to provide an expert report by the July 19, 2022 deadline set forth in the Court's Amended Scheduling Order.[18]

BP argues that the Fifth Circuit, the Eleventh Circuit, and at least eleven Sections of this Court have issued opinions addressing the obligation of a BELO plaintiff to prove legal causation.[19] According to BP, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[20] BP claims that B3 plaintiffs, like Paige, must satisfy the same legal cause standard as BELO plaintiffs.[21] BP further asserts that, because of the technical nature of the proof, courts have uniformly held that toxic tort plaintiffs must provide expert testimony to meet their burden of proving causation.[22]

---

[15] R. Doc. 52 at p. 1.
[16] R. Doc. 52-1 at p. 1.
[17] *Id.* at pp. 2-3 (*citing* R. Doc. 1-1 at p. 5; R. Doc. 52-3).
[18] R. Doc. 52-1 at p. 3 (*citing* R. Doc. 47).
[19] R. Doc. 52-1 at p. 4 (citing authority).
[20] *Id.* at pp. 4-5 (citations omitted).
[21] *Id.* at p. 5 (citing R. Doc. 26924 at p. 1 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179-CJB-DPC (E.D. La. Feb. 23, 2021) (Barbier, J.).
[22] R. Doc. 52-1 at p. 5 (citing authority).

BP contends that, since the nature of the proof is technical, courts have repeatedly dismissed claims of plaintiffs who alleged injuries from exposure to the DWH spill but failed to provide expert support for their claims.[23] BP argues that, for these reasons, Paige's claims lack the expert support required to carry her burden of proof on causation, which is a foundational element of her claim.[24] As such, BP asks this Court to grant its Motion and dismiss Paige's claims with prejudice.[25]

As previously mentioned, Paige did not file a response to BP's Motion for Summary Judgment.[26]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[27] No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[28] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[29] While all reasonable

---

[23] *Id.* at pp. 5-6 (citing *Williams v. BP Expl. & Prod.*, Civ. A. No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) (Morgan, J.)).
[24] R. Doc. 52-1 at p. 6.
[25] *Id.*
[26] The Court notes that Paige also failed to comply with the Amended Scheduling Order by failing to file a witness list by the August 18, 2022 deadline, or request any extension to do so. *See*, R. Doc. 47 at p. 2.
[27] FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[28] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).
[29] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).

inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[30] The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.[31] The non-moving party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[32]

If the dispositive issue is one in which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[33] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[34] If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[35] The burden then shifts to the non-moving party who must go beyond

---

[30] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[31] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.
[32] *See, Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); FED. R. CIV. P. 56(e)).
[33] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.
[34] *Id.* at 1265.
[35] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[36]

### III. ANALYSIS

As BP highlights,[37] Judge Barbier previously described the BELO and B3 cases in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects. Both allege personal injuries or wrongful death due to exposure to oil or other chemicals used during the oil spill response. Furthermore, both BELO plaintiffs and B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response.[38]

In a separate matter, this Court recently explained that the Fifth Circuit and at least nine Sections of this Court have uniformly held that, with regard to BELO plaintiffs, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation."[39] The Court finds that because Paige failed to identify a causation expert in this case by the Court's July 19, 2022 deadline[40] and did not move for an extension of that deadline, or for an extension of her deadline to respond to the instant Motion, she cannot meet her burden of proof on causation.[41] Indeed, the record reveals no

---

[36] *Id.* (*quoting* FED. R. CIV. P. 56(e)).
[37] R. Doc. 52-1 at p. 2.
[38] R. Doc. 26924 at p. 4 in *In Re Oil Spill by the Oil Rig "Deepwater Horizon,"* Civ. A. No. 10-02179 (E.D. La. Feb. 23, 2021) (Barbier, J.).
[39] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272-WBV-JVM, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (*quoting* R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021) (Feldman, J.)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020).
[40] R. Doc. 47 at p. 1.
[41] The Court is aware of recent orders issued by other Sections of this Court which address the requirement of expert testimony to establish specific causation. *See, Stephens v. BP Explor. & Prod. Inc.*, Civ. A. No. 17-4294, 2022 WL 1642136 (E.D. La. May 24, 2022) (Barbier, J.); *Turner v. BP Expl. & Prod. Inc.*, Civ. A. No. 17-4210, 2022 WL 1642142 (E.D. La. May 24, 2022) (Barbier, J.); *Wallace on*

admissible evidence whatsoever to support general causation. Thus, Paige cannot meet her burden of proof on causation and BP is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment [42] is **GRANTED**, and Cynthia Paige's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 2, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

*behalf of Wallace v. BP Expl. & Prod. Inc.*, Civ. A. No. 13-1039, 2022 WL 1642166 (E.D. La. May 24, 2022) (Barbier, J.). A reading of these orders does not change this Court's analysis or conclusion. Indeed, those cases confirm the Fifth Circuit's two-step approach in examining the admissibility of causation evidence in toxic tort cases, specifying that, "First the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence." *Stephens*, Civ. A. No. 17-4294, 2022 WL 1642136 at *2 (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)) (internal quotation marks omitted); *Turner*, Civ. A. No. 17-4210, 2022 WL 1642142 at *2 (quoting *Kirby*, *supra*); *Wallace*, Civ. A. No. 13-1039, 2022 WL 1642166 at *2 (quoting *Kirby*, *supra*). Those orders then address issues regarding specific causation in light of the particular facts presented in those cases. This Court does not, at this stage, address specific causation since Paige has failed to produce any evidence whatsoever as to general causation.
[42] R. Doc. 52.